**WFTL BROADCASTING COMPANY,**
Petitioner,

v.

**FEDERAL COMMUNICATIONS COMMISSION**
and

**United States of America, Respondents,**

**Boca Broadcasters, Inc., Intervenor.**
No. 19970.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 17, 1966.

Decided March 31, 1967.

Mr. Alan Y. Naftalin, Washington, D. C., with whom Mr. Jeremiah D. Lambert, Washington, D. C., was on the brief, for petitioner. Mr. Bernard Koteen, Washington, D. C., also entered an appearance for petitioner.

Mr. Joseph A. Marino, Counsel, Federal Communications Commission, with whom Asst. Atty. Gen. Donald F. Turner, Messrs. Henry Geller, General Counsel, John H. Conlin, Associate General Counsel, Federal Communications Commission, and Howard E. Shapiro, Attorney, Department of Justice, were on the brief, for respondents. Mrs. Lenore G. Ehrig, Counsel, Federal Communications Commission, also entered an appearance for respondents.

Mr. Howard S. Boros, Washington, D. C., entered an appearance for intervenor.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and BURGER, Circuit Judge.

BURGER, Circuit Judge.

We are asked to review an order of the Federal Communications Commission denying Petitioner's request to intervene in a hearing involving an application for an FM radio station in Florida. Petitioner is now the licensee of both standard and FM stations at Ft. Lauderdale, Florida.

Late in 1964 four mutually exclusive applications, including that of Intervenor, Boca Broadcasters, Inc., were filed for construction permits of FM stations at Pompano Beach and Delray Beach, Florida. The two applicants for Pompano Beach, one of which was Intervenor, were potential competitors of Petitioner. The Commission consolidated all four applications for hearing on two principal issues: (1) which community or area should be preferred under the standards of the Communications Act of 1934, 47 U.S.C. § 307(b) (1964); and (2) the standard comparative issue to determine which applicant would better serve the needs of the preferred community. Apparently on the belief that the channel in issue would be assigned to Delray Beach, Petitioner chose not to intervene in the proceedings at that time as it could under the 1934 Act, 47 U.S.C. § 309(e) (1964).

Subsequently, and before any formal hearing had commenced, three of the applicants withdrew or were dismissed from the proceedings, leaving only the Intervenor's application pending in active hearing status. At this stage of the proceedings the Commission's Broadcast Bureau sought, and the Review Board granted, enlargement of the proceedings to include a further issue, namely, whether Boca Broadcasters, Inc. had made any attempt to determine the programming needs of the Pompano Beach community.[1] Thus for all practical purposes the proceedings had now changed to a single party, single issue hearing. At this point Petitioner sought to intervene.[2]

Intervention as of right in construction permit proceedings is governed by section 309(e) of the Communications Act, 47 U.S.C. § 309(e) (1964), and by

[1] Actually, the Review Board denied the Broadcast Bureau's motion to add this issue on the narrow procedural ground that it was untimely under the Commission's rules, 47 C.F.R. § 1.229(b) (1966). But, because of the importance of the issue, the Review Board added it on its own motion.

[2] The petition to intervene was filed one week prior to the dismissal and withdrawal of three of the parties. However, it was known then and alleged in the petition that the proceeding was about to become a single party hearing. Moreover, when the petition was acted upon it was clear at that late date that only Boca Broadcasters, Inc. remained as a private party.

the Commission's rules, 47 C.F.R. § 1.223 (1966). The statute provides that:

> [w]hen the Commission has so designated an application for hearing, the parties in interest, if any, who are not notified by the Commission of such action may acquire the status of a party to the proceeding thereon by filing a petition for intervention showing the basis for their interest not more than thirty days after publication of the hearing issues or any substantial amendment thereto in the Federal Register.

Petitioner concedes that its financial and competitive interest was present when the original order designating a four-party comparative proceeding was first issued and acknowledges that it could have intervened as a matter of right had it acted within thirty days of that order. Having chosen not to intervene at that time, Petitioner now claims that the Review Board's addition of the programming issue constituted a "substantial amendment" to the hearing issues within the meaning of section 309(e), thus allowing intervention as of right at that later date.

Intervention as of right following a "substantial amendment" to the hearing issues was first authorized by a 1964 amendment to section 309(e). As yet there has been no judicial interpretation of the meaning of this amendment nor has the Commission, which sought the statutory change, shed any light on it through its rules. In the briefs and during argument both parties pressed upon us their interpretation of the meaning of this amendment to the intervention provision. We need not, however, reach this issue.

■ The crucial facts in this case concern the change in what was to be heard by the Commission. Originally a comparative proceeding with *four* applicants, it suddenly became a one party proceeding with only one issue, and that

newly added by the Review Board. Thus, no private party stood in opposition to the applicant. Although the Commission's Broadcast Bureau is the representative of the public interest, from *Sanders* [3] to the present it has been recognized that private parties also can represent the public interest. Only, recently we underscored this. See Office of Communication of the United Church of Christ v. FCC, 123 U.S.App.D.C. 328, 359 F.2d 994 (1966). In referring to the right of a party aggrieved or adversely affected to appeal an FCC decision, *Sanders* notes that Congress may have been of the opinion that one financially injured may be the only party having a sufficient interest to challenge the Commission. 309 U.S. at 477. We think such rationale is equally applicable to the situation here when viewed in the totality of its circumstances, notwithstanding the representation of the public interest by the Broadcast Bureau.

■ We are not able to discern whether the Commission has in fact addressed itself to allowing intervention as an exercise of its discretion, independent of Petitioner's claim to intervene as of right. Nor has petitioner raised a claim of abuse of discretion. The Commission clearly has the power to allow intervention as a matter of discretion; for example, the following excerpts appear in a letter from then-chairman Minow to the House of Representatives, included in the House report on the 1964 amendment:

> We also wish to point out that section 309(e) deals only with the time within which parties in interest can intervene as a matter of right. *The Commission has the discretion to permit intervention by any person (including parties in interest) at any time (even after the period specified in the section or in the Commission's rules) where a showing of good cause and that the public interest will be served thereby, is made.* [Citations

---

3. FCC v. Sanders Bros. Radio Station, 309 U.S. 470, 60 S.Ct. 693, 84 L.Ed. 869 (1940).

omitted.] This discretion to permit intervention after the time specified in section 309(e), either on the Commission's own motion or on petition, would be equally true under the proposed amendment.

H.R.Rep. No. 1351, 88th Cong., 2d Sess. 5 (1964) (emphasis added). The Commission's regulations, 47 C.F.R. § 1.223(d) (1966), allow such discretionary petitions for intervention. The latter part of the regulation provides that

> [i]f, in the opinion of the presiding officer, good cause is shown for the delay in filing, he may in his discretion grant such petition or may permit intervention limited to particular issues or to a particular stage of the proceeding.

Ibid.

■ It is not necessary for us to decide that the Commission should treat every petition for intervention as of right as a petition in the alternative for discretionary intervention. In the present posture of the proceeding there is no private opposition to the applicant to assert the public interest factors as an adversary sees them and the issues have significantly changed since the application was filed. In these circumstances we conclude that the Commission should address itself to the question whether intervention should be allowed as a matter of Commission discretion. We remand to the Commission for its further consideration consistent with this opinion.[4]

Reversed and remanded.

4. Subsequent to the Order denying Petitioner's request to intervene, hearings were conducted and the Initial Decision of the hearing examiner recommended a grant of Intervenor's application. Shortly thereafter, WFTL petitioned to reopen these proceedings, and for leave to intervene alleging that newly discovered evidence warranted further hearings. On March 1, 1967, the Commission reopened the record in the proceeding and *in exercise of its discretion* granted Petitioner's request to intervene and be heard with respect to the several new issues on which

the Commission wished evidence to be taken. See In re Application of Boca Broadcasters, Inc., FCC 67-235 (Docket No. 15806, March 1, 1967). *At the same time the Commission expressly precluded Petitioner from rearguing issues already resolved but which Petitioner might have argued had it been allowed to intervene in the instant case.* Since the proceedings are now reopened to a limited extent, it may well be that, in light of this opinion and remand, the Commission will permit Petitioner to intervene with respect to these prior issues as well.